# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

PHILLIP HORSWELL,

          Petitioner,

Case No. 20-cv-11 (PAM/TNL)

v.

**REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

          Respondent.

This action comes before the Court due to a document titled "Presentation of Evidence" filed by Petitioner Phillip Horswell, ECF No. 1 (hereafter, the Petition). For the reasons discussed below, the Court construes Horswell's filing as a petition for habeas corpus under 28 U.S.C. § 2254, recommends denying the Petition, and recommends not issuing Horswell a certificate of appealability.

**I.    BACKGROUND**

    **A.    Historical Background**

In September 2019, authorities filed a petition in Minnesota state court asking that Horswell be civilly committed pursuant to Minn. Stat. § 253B.18. *See* Register of Actions, *In re Commitment of Horswell*, Case No. 46-PR-09-1036 (Minn. Dist. Ct.)

(*Horswell* Docket).[1]  The Minnesota Court of Appeals summarized the events leading to that commitment request as follows:

> Evidence presented at the initial-commitment hearing showed that, after police were dispatched to a disturbance at [Horswell's] residence and could not reach anyone inside, they set up a perimeter in an adjoining cornfield.  An officer, who was lying down in the cornfield, testified that he saw [Horswell] exit the residence carrying a shotgun, scan the cornfield where the officers were located, and fire the gun in their direction, aiming at a height of six or seven feet.  The officer testified that he felt threatened by [Horswell's] actions and that a person standing up in the cornfield could have been hit in the head by appellant's shot.  [Horswell] testified that he was not shooting the firearm at a person but was only testing it for a broken pin.

*In re Commitment of Horswell*, No. A10-488, 2010 WL 3220161, at *2 (Minn. Ct. App. Aug. 17, 2010); *see also id.* ("The district court also based its conclusions on its previous findings that appellant had treated his father in a threatening manner and had driven around with a shotgun in his vehicle.").

On November 19, 2009, a Minnesota district court found that Horswell was mentally ill and dangerous, and ordered that he be civilly committed.  *See, e.g.*, *Horswell* Docket.  Under Minnesota law, once a person is initially committed as being mentally ill and dangerous, a state court conducts a second hearing to review a report prepared by the relevant treatment facility.  *See* Minn. Stat. § 253B.18, subd. 2 (2009).[2]  The district court held this hearing on January 12, 2010.  *See Horswell* Docket.  After that hearing, the

---

[1] Several state-court records cited in Report and Recommendation are not attached to any filings.  They are publicly accessible, however, and this Court may take judicial notice of public court records.  *See, e.g.*, *Bellino v. Grinde*, No. 18-CV-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).

[2] Horswell was committed under the 2009 version of Minn. Stat. § 253B.18.  The statute has been amended several times since then, but the amendments do not affect the discussion and analysis that follows.

2

court again determined that Horswell was mentally ill and dangerous, and ordered him civilly committed for an indefinite period of time. *See id.*; Minn. Stat. § 253B.18, subds. 2–3 (2009).

Horswell filed a direct appeal, claiming that the State had not presented clear and convincing evidence supporting the finding that he was dangerous. *See Horswell*, 2010 WL 3220161, at *1. The Minnesota Court of Appeals affirmed the district court's rulings in August 2010, and Horswell did not seek review from the Minnesota Supreme Court. *See id.*

In December 2017, Horswell filed a document in this Court that initially appeared to be a civil complaint.[3] Request for Emergency Hr'g, *Horswell v. Piper*, No. 17-CV-5389 (JRT/DTS) (D. Minn. Dec. 8, 2017). In January 2018, the Court entered an order observing that Horswell had plainly intended to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Order 1, *Horswell v. Piper*, No. 17-CV-5389 (JRT/DTS) (D. Minn. Jan. 10, 2018). The Court thus gave Horswell a chance to file an amended habeas petition. *See id.* at 2.

Horswell filed a § 2254 petition in February 2018. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, *Horswell v. Piper*, No. 17-CV-5389 (JRT/DTS) (D. Minn. Feb. 13, 2018) (October 2018 Petition). The petition "challenge[d] the legality of the civil-commitment proceedings, claiming that [Horswell]

---

[3] Horswell has filed two other actions in this district, but neither is particularly relevant to the present proceedings. *See Horswell v. State of Minnesota*, No. 17-CV-5388 (PJS/KMM); *Horswell v. State of Minnesota*, No. 18-CV-0307 (WMW/DTS).

3

was not permitted to cross-examine witnesses, that he was wrongfully denied a continuance of the probable cause hearing, and that his attorney did not provide adequate representation at the commitment hearings." *See* R. & R. 2, *Horswell v. Piper*, No. 17-CV-5389 (JRT/DTS) (D. Minn. Feb. 13, 2018).

On February 21, 2018, the Court entered a report and recommendation recommending that Horswell's § 2254 petition be dismissed. *See, e.g.*, *id.* at 5. Specifically, the Court found that the petition was untimely under 28 U.S.C. § 2244(d)(1), and that even if it had been timely, Horswell had not fully exhausted state-court remedies as required by § 2254(b)–(c). *See id.* at 2–4. Horswell did not object to the report and recommendation, and the Court entered an order adopting the report and recommendation on March 23, 2018. *See* Order, *Horswell v. Piper*, No. 17-CV-5389 (JRT/DTS) (D. Minn. Mar. 23, 2018); J., *Horswell v. Piper*, No. 17-CV-5389 (JRT/DTS) (D. Minn. Mar. 23, 2018).

    **B.**    **Current Filing**

Horswell commenced the present action on January 2, 2020, with a two-page filing titled "Presentation of Evidence." *See generally* Presentation of Evidence, ECF No. 1. The document's thrust is a challenge to Horswell's civil-commitment proceedings in 2009 and 2010. *See id.* at 1–2. He asserts various forms of judicial misconduct during the proceedings, and suggests that this misconduct violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution. *See id.* at 1. He also suggests that the judge overseeing the proceedings lacked jurisdiction because he was an appointed judge rather than an elected judge. *See id.* at 2.

For relief, Horswell specifically notes that he seeks a writ of habeas corpus, and he requests that his civil commitment "be dismissed" and "removed from his records." *Id.* He also requests $23 million in damages. *See id.*

## II. ANALYSIS

As a threshold point, though Horswell's filing is titled "Presentation of Evidence," the Court construes it as a petition under 28 U.S.C. § 2254. Supporting this position are the facts that (1) the filing specifically invokes the "writ of habeas corpus"; and (2) Horswell paid the $5 initial filing fee associated with habeas petitions (and not, e.g., the filing fee associated with other civil cases). *See id.*; *see also* Docket (showing fee payment).[4]

Because Horswell has already filed a § 2254 petition challenging the term of civil commitment at issue here, the Court must consider whether its jurisdiction over this action is affected by statutory limits on "second or successive" habeas petitions. Under § 2244(b)(3)(A), "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." For its part, a court of appeals may authorize the filing of a second or successive petition only if the petition raises

---

[4] As noted above, Horswell asks not just that his civil commitment be dismissed, but that this Court award him $23 million in damages. But to the extent that Horswell seeks non-habeas civil relief (such as monetary damages), his complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, before a prisoner claiming constitutional-rights violations can be awarded damages "for allegedly unconstitutional conviction or imprisonment," he must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87; *see also Hines v. Minnesota Dep't of Corr.*, No. 18-CV-3250 (ECT/BRT), 2020 WL 1102210, at *10 (D. Minn. Jan. 31, 2020) (applying *Heck* to challenge to civil commitment), *report and recommendation adopted*, 2020 WL 1082484 (D. Minn. Mar. 6, 2020). There is no hint that Horswell's civil commitment has been successfully challenged in any of these ways.

5

specific sorts of claims—broadly speaking, claims involving new rules of constitutional law or claims involving a new "factual predicate" that suggests the prisoner's actual innocence.  28 U.S.C. § 2244(b)(2); *see also, e.g.*, *Barnett v. Roper*, 904 F.3d 623, 632 (8th Cir. 2018).

There is no suggestion that Horswell has received authorization from the U.S. Court of Appeals for the Eighth Circuit for the present Petition.  The Court must therefore determine whether Horswell's petition is "second or successive." If it is, then this Court lacks jurisdiction to address it.

The term "second or successive" appears in § 2244(b)—and in § 2255(h)—but the U.S. Code does not define the term in either location.  *See generally* 18 U.S.C. §§ 2241–55 (presenting no definition); *cf.* Brian R. Means, Federal Habeas Manual § 11:1, at 1438 (2019 ed.) (noting lack of statutory definition); 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice & Procedure § 28.3[b][ii], at 1686 n.32 (7th ed. 2018) (same).  Courts have treated it, however, as "a habeas 'term of art' that 'incorporates the pre-AEDPA[5] abuse-of-the-writ doctrine.'"  Means, Federal Habeas Manual § 11:39, at 1504 (quoting opinions in *Magwood v. Patterson*, 561 U.S. 320 (2010), and citing other authorities); *see also Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("[I]t is generally acknowledged that the interpretation of 'second or successive' involves the application of pre-AEDPA abuse-of-the-writ principles." (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–45 (1998)).

---

[5] AEDPA here refers to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 94-12, 110 Stat. 1214 (codified as amended in scattered sections of 8, 15, 18, 19, 21, 22, 28, 42, 49, and 50 U.S.C.).

6

The abuse-of-the-writ doctrine "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). As relevant here, in assessing that doctrine, the U.S. Supreme Court has stated that "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id.* (citing cases). Furthermore, an abuse of the writ also exists where a petitioner re-raises, in a later petition, a claim decided on the merits in an earlier one. *See, e.g.*, *Schlup v. Delo*, 513 U.S. 298, 318 & n.34 (1995) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion)).[6]

Applying these principles here, it is obvious that Horswell's current Petition is a mix of arguments raised in his first § 2254 petition and new ones that he could have raised then, but did not. *Compare* October 2018 Pet. *with* Pet. The Court therefore has little difficulty concluding that the present Petition constitutes an abuse of the writ. Because the definition of "second or successive" incorporates abuse-of-the-writ principles, the Court further concludes that Horswell's present petition is indeed "second or successive." As a result, the § 2244(b)(3) preauthorization requirement applies to the Petition, and Horswell's failure to meet that requirement means that this Court lacks jurisdiction to address the Petition.

---

[6] Where a court determines that a habeas petition is untimely—as happened with Horswell's first § 2254 petition—that qualifies as a decision on the merits. *See, e.g.*, *Diaz-Diaz v. United States*, 297 F. App'x 574, 575 (8th Cir. 2008); *Williams v. Miles*, No. 16-CV-3868 (DWF/SER), 2017 WL 4180154, at *4 (D. Minn. June 22, 2017), *report and recommendation adopted*, 2017 WL 4180144 (D. Minn. Sept. 20, 2017).

Finally, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A COA should not be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When—as here—a habeas petition is denied on procedural grounds without reaching the underlying merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In the Court's view, jurists of reason would not debate that Horswell's current Petition is an unauthorized second or successive § 2254 petition. As a result, the Court recommends that a COA should not be issued.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The "Presentation of Evidence" filed by Petitioner Phillip Horswell, ECF No. 1, construed as a petition for habeas corpus under 28 U.S.C. § 2254, be **DENIED**.

2. No certificate of appealability be issued.

8

      3.      This action be **DISMISSED WITHOUT PREJUDICE**.

Date: May 13, 2020                      *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Horswell v. Minnesota*
                                          Case No. 20-cv-11 (PAM/TNL)

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).